Moore v. Ennis.

———◆◆◆———

### MOORE v. ENNIS.

PLEADING.—The decision relates to the sufficiency of a pleading, and can not be briefly stated.

APPEAL from the *Morgan* Circuit Court.

DAVISON, J.—The complaint, in this case, consists of two counts. The first alleges that *Moore,* who was the plaintiff, sold and delivered to *Ennis,* one buggy, at the price of 85 dollars, which he received, and, in consideration therefor, promised to pay the plaintiff, on or before the 25th of *December,* 1861, the said 85 dollars, which, with interest thereon, remains unpaid, &c. The second count is upon a note alleged to be in this form:

"$85. *July* 4, 1860.

"On or before the 25th of *December,* 1861, I promise to pay *J. I. Moore,* or order, 85 dollars, for value received of him, without any relief from appraisement laws.

ANDERSON ⋈ ENNIS.".

It is averred, that, in *Junuary,* 1862, the defendant fraudulently obtained possession of said note; and the defendant, though the plaintiff has demanded the same, has refused to deliver it to him, and still retains possession thereof; &c. Wherefore the plaintiff demands judgment for 100 dollars, &c.

Defendant answered:

1. By a denial.

2. Payment of the note.

3. Defendant admits the purchase of the buggy, and that he executed said note therefor. But he alleges, that, soon after he purchased the buggy, he sold it to one *Joseph Price*, for 95 dollars, for which sum *Price* executed to him, defendant, his note, payable on or before the 25th of *December*, 1861; that on said 25th of *December*, defendant demanded the 95 dollars of *Price*, which sum, or so much thereof as was necessary, defendant wanted to pay to the plaintiff on the 85 dollar note; that *Price* failed to raise the money, but, instead thereof, went and made certain negotiations with the plaintiff, whereby he, *Price*, obtained possession, and became the owner, of said note for 85 dollars, given by defendant to plaintiff, which note he, *Price*, on the same day, presented to defendant, in part payment of his, *Price's*, note, which defendant accepted, and then and there delivered to *Price* the said note for 95 dollars. Wherefore, defendant says that the note, executed by him to plaintiff, is fully paid, &c.

Plaintiff demurred to the third paragraph of the answer; but the demurrer was overruled, and then he replied by a denial. The Court tried the issues, and found for the defendant, and, having refused a new trial, rendered judgment, &c.

The action of the Court, upon the demurrer to the third reply, is assigned for error.

It is argued that that pleading is objectionable, because it does not allege that the plaintiff was paid, or in any way compensated, for his buggy, or his note. In terms there is no such allegation; but it does allege, that "*Price* made certain negotiations with the plaintiff, whereby he obtained possession, and became the owner of the note." This appears to be sufficient. If *Price* became the owner of it, the amount stated on its face was, in effect, paid to the plaintiff, and his

title to it became thereby divested. Hence, it was not essential to the validity of the pleading, to allege the means employed by *Price* to obtain the note, or how much he paid for it. That he became the owner by "certain negotiations with the plaintiff," was sufficiently explicit.

The next assigned error is, that the finding is not sustained by the evidence. There is no such averment, as required by rule 30 of this Court, that "this was all the evidence given in the cause." But we have carefully examined the evidence as it stands on the record, and are of opinion that its weight sustains the finding.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. A. Harrison* and *W. S. Sherley,* for the appellant.

*Buskirk & Broadwell,* and *McDonald, Roache & Lewis,* for the appellee.

